UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAMUEL WHITE,

    Plaintiff,

  v.              Case No. 22-cv-663-bhl

MARY MOORE,

    Defendant.

---

## ORDER

---

  Plaintiff Samuel White, who is representing himself, is proceeding on an Eighth Amendment deliberate indifference claim in connection with allegations that he fell down the stairs at the Waupun Correctional Institution and fractured his back in three places. *See* Dkt. Nos. 1 & 8. On November 11, 2022, Defendant Mary Moore filed a motion for summary judgment based on failure to exhaust administrative remedies. Dkt. No. 15. Because the undisputed facts show that White's inmate complaint was "rejected" as untimely filed and therefore never investigated by the institution on the merits, the Court will grant the motion and dismiss the case.

## UNDISPUTED FACTS

  On March 1, 2022, White fell down the stairs and fractured his back in three places because Defendant allegedly did not order a "lower tier restriction" at the Waupun Correctional Institution (WCI). Dkt. No. 1. Following the incident, White was immediately hospitalized for two days (from March 1, 2022 to March 3, 2022) then transferred to the Dodge Correctional Institution (DCI) infirmary unit. Dkt. No. 17, ¶11. About a month later, on April 7, 2022, White was transferred to the Columbia Correctional Institution (CCI). *Id.,* ¶14.

About a month after that, on May 11, 2022, White submitted inmate complaint #CCI-2022-7414 in connection with the March 1, 2022 incident giving rise to this lawsuit. *Id*., ¶¶5-6. White stated that he had "good cause" for the untimely submission because:

> "I was in the hospital for 6 days; I was at DCI for one month where I was unable to get the assistance to file an inmate complaint; I was at DCI recovering from the injuries that I suffered from this incident; and when I arrived at CCI is when I was finally able to get assistance to file this inmate complaint, and I also had to follow chain of command before I filed this inmate complaint."

Dkt. No. 18-2 at 12.

To investigate White's "good cause" plea, Institution Complaint Examiner (ICE) Wilson reached out to Nurse Gunderson (at DCI) and asked if White's mental competency following the incident could have played a factor in his failure to file an inmate complaint while in the DCI infirmary unit. *Id*. at 2-3. Nurse Gunderson responded, "There is no reason for me to believe that he was not competent while here." *Id*. at 3. ICE Wilson then reached to ICE Schmidt (at DCI), CPS Salinas (at DCI), and ICE Program Assistant Leiser (at CCI), and individuals at both institutions reported that White did not request assistance in filing an inmate complaint. *Id*. ICE Wilson also discovered through his investigation that White "did not actually begin following the chain of command regarding this matter until April 27, 2022, 20 days after his arrival." *Id*. Based on this investigation, ICE Wilson "rejected" the inmate complaint as untimely filed without good cause. *Id*. White appealed the decision, and the Reviewing Authority (RA) found that the ICE properly rejected the inmate complaint. Dkt. No. 17, ¶¶16-17.

**SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the

2

outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party asserting that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Defendant asserts that she is entitled to summary judgment because White's inmate complaint was properly "rejected" as untimely filed without good cause; therefore, he failed to exhaust administrative remedies. *See* Dkt. Nos. 16 & 30. White asks the Court to review that decision and find that the ICE abused his discretion, rendering administrative remedies "unavailable" to him. *See* Dkt. Nos. 28-29. White explains that he was in extreme pain following his injury and that "nurses" (at DCI) and "guards" (at CCI) would not assist him in acquiring or writing an inmate complaint. Dkt. No. 29, ¶¶12 &14.

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *See Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020) (citing *Lockett v. Bonson*, 937 F.3d 1016,

3

1025 (7th Cir. 2019)). "[A] prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

A prisoner is required to exhaust all administrative remedies that are "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Administrative remedies may be "unavailable" where "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

Wisconsin has established the Inmate Complaint Review System (ICRS) to review inmate complaints. Wis. Admin. Code § DOC 310.05. Inmates must file an inmate complaint with the ICE within 14 days of the relevant occurrence. § DOC 310.07(2). "At the discretion of the ICE, a late complaint may be accepted for good cause." *Id*. "An inmate shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing." *Id*. ICE may reject an inmate complaint submitted "beyond 14 days after the date of the occurrence giving rise to the complaint and provid[ing] no good cause" for extending the time limits. § DOC 310.10(6)(d)-(e). An inmate may appeal a rejection to the RA within 10 calendar days, and the RA's decision is final. §§ DOC 310.03(5) and 310.10(10).

Good cause is "occasioned by something that is not within the control of the movant." *Pyles v. Nwaobasi*, 829 F.3d 860, 866 (7th Cir. 2016). But absent an abuse in discretion "it is not [a district court's] role to override [an examiner's] decision to refrain from finding good cause for the delay…That discretion rests solely within the authority of [the examiner]." *Clark v. Spittle*, No. 04-C-119-C, 2004 WL 941206, at *1 (W.D. Wis. Apr. 30, 2004); *see also Jones v. Frank*, No. 07-CV-141-BBC, 2008 WL 4190322, at *3 (W.D. Wis. Apr. 14, 2008) (noting that a district court

4

should not disrupt an examiner's decision unless it was "clearly erroneous, arbitrary or intended to prevent plaintiff from exercising his right of access to the courts."). "To determine whether the examiner abused his discretion by not affording plaintiff a good cause exemption…the relevant question is whether plaintiff's failure to file his claims in a timely manner was due to circumstances that were reasonably beyond his control." *Schmidt v. Esser*, No. 15-CV-538-WMC, 2018 WL 4964521, at *2–3 (W.D. Wis. Oct. 15, 2018).

An inmate complaint that is properly "rejected" based on a procedural defect does not fulfill the exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). This is true because "the benefits of exhaustion" can be realized only if the prison grievance system is given a fair opportunity to consider the grievance on the merits. *Woodford v. Ngo,* 548 U.S. 81, 95 (2006). If noncompliance with the procedural rules "carries no significant sanction," a prisoner who does not want to participate in the prison grievance system "will have little incentive to comply with the system's procedural rules." *Id*. Indeed, the prisoner would be able to file deficient inmate complaints then proceed directly to federal court, wholly bypassing the institution's review of the merits. *Id*.

As required by the ICRS, White properly made his "good cause" plea in his original inmate complaint. *See* Dkt. No. 18-2 at 11-12. In that original inmate complaint, White raised the issue he complains about in this case—that he could not get assistance in acquiring or writing an inmate complaint until after he left the infirmary unit at DCI and arrived at CCI on April 7, 2022. *Id*. To investigate the circumstances, ICE Wilson reached out to four different individuals at both DCI and CCI. The ICE found that White was only in the hospital for two days (not six days); that Nurse Gunderson believed White was mentally competent following his injury and therefore able to ask for assistance in filing an inmate complaint while in the infirmary unit at DCI; and that neither ICE staff (Schmidt and Leiser) nor correctional staff (Salinas) at either institution received requests from White for help filing an inmate complaint. The ICE also discovered that White did not reach

5

out to anyone about his inmate complaint until April 27, 2022, more than 20 days after arriving at CCI. White then filed the inmate complaint two weeks after that on May 11, 2022.

In response, White has no explanation for why he waited over 20 days after being released from the infirmary unit to initiate the "chain of command" at CCI. *See* Dkt. No. 28 at 4-5. White appears to argue that 20 days was the amount of time it took for him to get acclimated to a new institution, but the Seventh Circuit "has taken a strict compliance approach to exhaustion," *see Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and there are no exceptions for convenience or even substantial compliance. If White wanted to pursue legal action in connection with his injury, he was required to act promptly, which he did not do at either institution.

Moreover, with respect to White's assertion that administrative remedies were "unavailable" to him due to pain and/or mobility issues, White does not identify *who* allegedly denied his requests to acquire or write an inmate complaint at either DCI or CCI or *when* it happened—he only notes that it was not Gunderson, Leiser, Schmidt, or Salinas. *See* Dkt. No. 29, ¶13. In light of the ICE's thorough and complete "good cause" investigation, White's vague assertion that his requests for assistance were allegedly rejected by "nurses" and "guards" at both institutions does not create any genuine disputes of fact regarding the availability of administrative remedies. Under these circumstances, the Court will not second guess the ICE's reasoned decision to reject White's good cause plea. *See e.g. Williams v. Syed*, No. 16-CV-474-WMC, 2022 WL 579471, at *5 (W.D. Wis. Feb. 25, 2022) ("[T]his court will not second-guess the discretionary decision of the CCE to determine that an untimely appeal is not supported by good cause."); *see e.g. Norton v. Does Health Servs. Manager*, No. 19-CV-968-SLC, 2021 WL 3809535, at *2 (W.D. Wis. Aug. 26, 2021) ("I will not second-guess the CCE's discretionary determination that [Plaintiff's] untimely appeal was not supported by good cause.").

Based on the undisputed facts, the Court finds that White failed to properly exhaust administrative remedies. White's failure to timely file his inmate complaint was caused by his

6

own inaction, not by circumstances reasonably beyond his control or attempts by prison staff to thwart use of the grievance process. Defendant is therefore entitled to summary judgment and the Court will dismiss this case. *See e.g. Coleman v. Lott*, No. 21-3065, 2022 WL 1447942, at *1 (7th Cir. May 9, 2022) (affirming a district court's decision to grant summary judgment for failure to exhaust administrative remedies because "[Plaintiff's] hospital stay was only one night…and [he] could have sought help in filling out a grievance later.")

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 15) is **GRANTED**; and the case is **DISMISSED without prejudice.**

Dated at Milwaukee, Wisconsin on May 5, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.